UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN RANGEL, | ) | Civ. 11-4162-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING PETITION |
| | ) | |
| J. HOLLINGSWORTH, Warden of | ) | |
| FPC Yankton, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Steven Rangel, petitions for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241. Rangel argues that the Bureau of Prisons
(BOP) miscalculated his projected date for release from custody. Respondent,
J. Hollingsworth, Warden of FPC Yankton, opposes Rangel's petition and
argues that Rangel's sentence was properly calculated.

## FACTS

Rangel is a federal inmate at the Federal Prison Camp in Yankton,
South Dakota. On January 6, 2009, Rangel was sentenced to a 24-month
term of imprisonment, followed by four years of supervised release. Docket 9-
1, Public Information Inmate Data, at 2. Judge John F. Grady of the United
States District Court for the Northern District of Illinois imposed the sentence
for Conspiracy to Possess with Intent to Distribute a Controlled Substance, in
violation of 21 U.S.C. § 846. Docket 9-1 at 2. At the time of sentencing, Judge
Grady stayed the execution of the sentence and ordered Rangel to surrender

for service of the sentence as notified by the United States Probation or Pretrial Services Office (USPO). Docket 10-1, Judgment in a Criminal Case. The court directed Rangel to self-surrender to the United States Marshals Service in Chicago, Illinois, on March 25, 2009. Docket 10-2, Docket Entry in CR. 07-789-2. Rangel voluntarily surrendered on March 25, 2009. Docket 10-3, United States Marshals Service Prisoner Tracking System.

Over seven months later, on November 30, 2009, Rangel was sentenced to a 70-month term of imprisonment, followed by four years of supervised release for Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846. Docket 9-1, Public Information Inmate Data, at 4. Judge Charles L. Norgle, Sr., of the United States District Court for the Northern District of Illinois, ordered the 70-month term of imprisonment to run concurrently with the 24-month sentence previously imposed by Judge Grady. *Id.*

The BOP calculated Rangel's aggregated term of imprisonment as 6 years, 6 months, and 5 days, followed by a four-year term of supervised release. *Id.* According to the BOP, Rangel's projected release date is November 17, 2014, via Good Conduct Time (GCT) release. *Id.*

Rangel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the BOP miscalculated the term of imprisonment of his concurrent sentences that were separately imposed. Rangel asserts that the 70-month sentence imposed on November 30, 2009, was to run concurrently

with the 24-month sentence previously imposed and that both sentences were to begin on March 25, 2009, the day he self-surrendered to the United States Marshals Service. According to Rangel, the BOP recalculated his original term of imprisonment, increasing it from 70 months to 78 months and 5 days. Rangel asks this court to order the BOP to calculate his sentence as a 70-month term of imprisonment, beginning on March 25, 2009, with a projected release date of April 22, 2014, rather than a 78-month and 5-day term with a projected release date of November 17, 2014.

## DISCUSSION

Section 2241 permits a federal inmate to challenge the execution of his sentence. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("A [federal inmate] may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court."). A court has § 2241 jurisdiction if it is the district of actual physical confinement or a district where the court can serve process on the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495-96 (1973); *United States v. Chappel*, 208 F.3d 1069, 1070 (8th Cir. 2000). Warden Hollingsworth concedes that he is properly named as respondent because he is Rangel's custodian, that this court has § 2241 jurisdiction, and that venue in the District of South Dakota is proper.

Inmates challenging the computation or execution of their sentence must first exhaust their available administrative remedies. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). Rangel filed administrative remedies concerning the calculation of his federal sentence at the institution, regional office, and central office levels. His requests were denied at each level. *See* Docket 9-2, Administrative Remedy Generalized Retrieval Data Form. Warden Hollingsworth concedes that Rangel has exhausted his administrative remedies. Thus, the court considers his claim on the merits.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). When computing a sentence, the BOP must make two decisions: (1) when the federal sentence commences; and (2) to what extent the defendant can receive credit for time spent in custody prior to the commencement of his sentence. *Id.* Because Rangel's offenses occurred after November 1, 1987, 18 U.S.C. § 3585(a) and (b) govern the BOP's determinations regarding the commencement of his federal sentence.

Under § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." *See also Reno v. Koray*, 515

4

U.S. 50, 58 (1995). Section 3585 also requires multiple terms of imprisonment to "be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3585(c). Only the BOP has the authority to determine when a federal sentence commences. *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008). The earliest possible date a sentence can commence is the date it was imposed. *See* Docket 10-5, Relevant Portions of Program Statement 5880.28, Sentence Computation Manual, at 4 ("*In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.*") (emphasis in original). Thus, Rangel's 24-month term of imprisonment commenced on March 24, 2009, the date he voluntarily surrendered to the U.S. Marshals Service, and his 70-month term of imprisonment commenced on November 30, 2009, the date it was imposed. *See* Docket 10, Declaration of Forrest Kelly, ¶ 8.

The BOP calculates an aggregate sentence for two concurrent sentences by first adding the length of the term of the first sentence to the date the sentence commenced, producing a full-term release date. *See* Docket 10-6, Calculation of Single Aggregate Term (Independent Sentence Computation). The second term of incarceration is added to the date it was imposed, creating the full-term release date of the second term. *Id.* The effective full-term date of Rangel's first 24-month sentence imposed by Judge Grady is March 24, 2011, whereas the effective full-term date of Rangel's second 70-month sentence is September 29, 2015. *Id.* The BOP next

subtracts the effective date of the first sentence, March 24, 2011, from the effective full-term date of the second sentence, September 29, 2015. *Id.* The difference in time between these two dates (4 years, 6 months, and 5 days) was then added to the first sentence of 24 months to produce the total aggregate term of imprisonment of 6 years, 6 months, and 5 days (78 months and 5 days). *Id.*

The BOP prepared Rangel's sentence computation based on a 6-year, 6-month, and 5-day term of imprisonment beginning March 25, 2009 (the day he voluntarily surrendered for service of the 24-month term) with credit from November 29, 2007, through November 30, 2007, and from September 24, 2008, through October 1, 2008. Based on these calculations, Rangel's release date is November 17, 2014, via Good Conduct Time (GCT) release.

Rangel argues that his 70-month term of imprisonment should be retroactive to the date his 24-month sentence commenced. In other words, Rangel argues that "both sentences on case no.'s [sic] 08-CR746-28 and 07-CR78902 to run 70 and 24 months respectively were to both commence on March 25, 2009 and to run concurrently until January 14, 2015, with a Good Time Conduct release date of April 22, 2014." Docket 6. This theory is flawed.

A federal sentence cannot commence earlier than the date it is imposed. *See Mathison v. Morrison*, Civ. 06-3496, 2007 WL 3224671, at *5 (D. Minn. Nov. 1, 2007) ("A federal prison sentence, even one that is to be served concurrently with another sentence, cannot have a retroactive

6

commencement date."); *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) ("Whatever else [concurrent] means with regard to the second sentence, however, it does not mean that the two sentences have the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) (holding that a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served). Thus, "when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served." *Stevenson v. Terrell*, Civ. No. 08-6058, 2009 WL 1035161, at *3 (D. Minn. Apr. 16, 2009). Because Rangel's second 70-month sentence did not commence until it was imposed on November 30, 2009, it runs concurrently with the unserved remainder of his 24-month term of imprisonment. Thus, Rangel's argument fails.

Dismissal without an evidentiary hearing is appropriate in this case. A § 2241 petition may be dismissed without an evidentiary hearing when the "record does not show any genuine factual dispute." *See Kendrick v. Carlson*, 995 F.2d 1440, 1446 (8th Cir. 1993). Here, the dispute does not relate to the relevant facts. Rather, the dispute relates to what conclusion can be drawn from the facts and appropriate law. Thus, Rangel's claim is dismissed without an evidentiary hearing. Therefore, it is

ORDERED that Rangel's § 2241 petition is dismissed with prejudice.

Dated February 24, 2012.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE